UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 1:22-cr- |
| | ) | |
| v. | ) | Violation: |
| | ) | |
| SCOTT HERZOG, | ) | <u>Count One</u>: Filing a False Tax Return |
| | ) | (26 U.S.C. § 7206(1)) |
| Defendant | ) | |

INFORMATION

At all times relevant to this Information:

General Allegations

1. The defendant, SCOTT HERZOG, owned and operated Herzog Landscape Solutions ("HLS"), a landscaping company based in Norwell, Massachusetts.

2. The Internal Revenue Service ("IRS") is an agency of the United States within the Department of the Treasury and is responsible for enforcing and administering the tax laws of the United States.

The Federal Tax Requirements

3. Individual taxpayers generally are required to accurately report each year to the IRS their income and attendant tax obligations on a Form 1040, U.S. Individual Income Tax Return. The IRS uses Form 1040 to assess taxpayers' tax liability. HERZOG annually filed Forms 1040, including for tax years 2016, 2017, and 2018.

4. HERZOG operated HLS as a sole proprietorship. For federal tax purposes, HLS's gross receipts and expenses were reported on IRS Schedule C, Profit or Loss from Business, as part of HERZOG's Form 1040.

The False Tax Returns

5. HLS performed landscaping for residential and commercial customers.

6. HERZOG retained a bookkeeper to issue invoices to HLS customers and to record receipts from customers for work that HLS performed.

7. On invoices issued to customers, HLS instructed customers to make checks payable to HERZOG.  HLS also accepted payments from customers in money orders.

8. In the tax years 2016, 2017, and 2018, HERZOG deposited some, but not all payments from HLS customers into one or more HLS business bank accounts.  HERZOG provided the deposit slips for these payments to HLS's bookkeeper, who reconciled these payments against business bank account statements and recorded the deposits as income in HLS's books and records.

9. During these tax years, however, HERZOG also cashed other checks from HLS customers and deposited other payments from customers into non-HLS bank accounts that HERZOG controlled.

10. For example, in 2016, HERZOG received approximately $1.1 million in payments from HLS customers.  Of that amount, HERZOG deposited only approximately $749,041 into HLS's business bank account.  HERZOG otherwise cashed approximately $107,460 and deposited approximately $233,971 into non-HLS bank accounts that he controlled.

11. The following table summarizes HLS customer payments customers that HERZOG deposited into HLS's business bank account, deposited into other bank accounts, and cashed:

| Year | Deposits | | Cashed Checks |
|---|---|---|---|
| | HLS Accounts | Other Accounts | |
| 2016 | $749,041 | $233,971 | $107,460 |
| 2017 | $726,509 | $285,305 | $247,912 |
| 2018 | $1,095,215 | $288,382 | $335,086 |
| Totals | $2,570,765 | $807,659 | $690,458 |

12. For tax years 2016, 2017, and 2018, HERZOG retained an accountant to prepare and file his tax returns, including the Schedule C for HLS.

13. HERZOG provided the accountant with the books and records prepared by HLS's bookkeeper, which reflected only those payments from customers that HERZOG deposited into HLS's business bank account. HERZOG did not inform the accountant of HLS customer payments that he cashed or deposited into non-HLS bank accounts that he controlled.

14. HERZOG represented to the accountant that the customer payments reflected in HLS's books and records reflected all of HLS's business income for those tax years.

15. By cashing certain payments from HLS customers and depositing other payments into non-HLS bank accounts, HERZOG caused the accountant to submit tax returns for 2016, 2017, and 2018 that understated his income by approximately $1,498,117, causing an additional tax due and owing to the IRS of approximately $499,958.

16. The following table summarizes HERZOG's unreported income and additional tax due and owing for tax years 2016, 2017, and 2018:

| Year | Reported Income | Unreported Income | Additional Tax Due |
|---|---|---|---|
| 2016 | $749,041 | $341,431 | $91,578 |
| 2017 | $725,379 | $533,218 | $198,412 |
| 2018 | $1,092,860 | $623,468 | $209,968 |
| Totals | $2,567,280 | $1,498,117 | $499,958 |

## COUNT ONE
Filing a False Tax Return
(26 U.S.C. § 7206(1))

The United States Attorney charges:

17. The United States Attorney re-alleges and incorporates by reference paragraphs 1-16 of this Information.

18. On or about October 4, 2019, in the District of Massachusetts, the defendant,

## SCOTT HERZOG

did willfully make and subscribe a U.S. Individual Tax Return, for the tax year 2018, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed with the Director, Internal Revenue Service, and which return the defendant did not believe to be true and correct as to every material matter in that the return failed to report additional income received from the operations of HLS.

All in violation of Title 26, United States Code, Section 7206(1).

RACHAEL S. ROLLINS
United States Attorney

By: *[signature]*
DAVID M. HOLCOMB
Assistant U.S. Attorney

Date: April 15, 2022